UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERATED MUTUAL INSURANCE
COMPANY,

       Plaintiff,

v.                                Case No:   2:21-cv-633-JLB-MRM

INFINITE POOL FINISHES, LLC,

       Defendant.

_____

## ORDER

Federated Mutual Insurance Company ("Federated") seeks a declaration about its obligations to Infinite Pool Finishes, LLC ("Infinite Pool") under an insurance policy that Federated issued to non-party Trany's Unlimited, Inc. ("Trany's").   (Doc. 1.)   Infinite Pool, as an assignee of Trany's, moves to stay the matter pending the parties' ongoing appraisal.   (Doc. 19.)   It argues that an appraisal award will likely moot any further litigation in federal court.   (Id. at 3.) Federated opposes, arguing that the central issue is one of coverage that cannot be resolved through appraisal.   (Doc. 20.)   The Court agrees with Federated.   An appraisal award, under these facts, will not resolve the parties' dispute and therefore Infinite Pool has not met its burden in seeking to stay the proceedings. Accordingly, its motion (Doc. 19) is **DENIED**.

## BACKGROUND

As noted, Federated issued a property insurance policy to Trany's.   (Doc. 1-3.)   After Hurricane Irma allegedly damaged the insured property, Trany's and

Federated exchanged damage estimates.   (Doc. 1 at 2–3.)   Trany's then sold the property to Infinite Pool and assigned Infinite Pool its rights under the policy.   (Id. at 3, ¶¶ 15–16.)   Infinite Pool provided its own estimates to Federated, which exceeded Trany's estimates, and demanded the amount of loss be settled through appraisal.   (Id. at ¶¶ 18–19.)   Seemingly in agreement with one of Trany's estimates, Federated explained that it had paid $167,487.60 for the loss.   (See id. at 3–4, ¶¶ 13, 21; Doc. 1-8.)   As the parties continued their post-loss obligations under the policy, Infinite Pool submitted revised estimates and proofs of loss to Federated.   (See Doc. 1 at 4–5.)

Notably, neither Trany's estimate(s) nor Infinite Pool's original estimates sought coverage for personal property/contents.   (See, e.g., id. at ¶ 27, ¶ 31, ¶ 47.) Federated claims Infinite Pool first sought coverage for personal property/contents nearly three-and-a-half years after the alleged loss.   (See id. at 6, ¶ 40.)   Given the confusion surrounding Infinite Pool's claim and whether the policy covers the personal property/contents at issue, (see id. at 7, ¶ 48), Federated seeks a declaration as to whether Infinite Pool has submitted a covered claim (id. at 9, ¶ 56).   Federated also notes that, while it is participating in the appraisal process, clarification on these issues will "expedite resolution of this claim through the appraisal process."   (Id. at ¶ 58.)

Infinite Pool moves to stay this action "pending the outcome of the appraisal proceeding between the parties that is currently pending in front of an appraisal panel."   (Doc. 19 at 1.)   It argues the parties' dispute is premature given that "the

appraisal panel has not yet determined whether personal property disclosed in the report submitted by Infinite [Pool] should or should not be included as part of the appraisal award."   (Id. at 2.)   Emphatically, Infinite Pool maintains that "because the pending appraisal process provides plenary power to decide this entire controversy, there is no likelihood this Petition, or any of its 'issues' would return to federal court."   (Id. at 3.)   Thus, Infinite Pool urges the Court to stay this case until the completion of appraisal, a process which it characterizes as a "First Filed" or "underlying" proceeding.   (See id. at 3, 4.)

## DISCUSSION

A stay pending appraisal is not appropriate given the coverage issues Federated identifies in its Petition.   It is well established that the moving party, here Infinite Pool, bears the burden of proving a stay is appropriate.   See Landis v. N. Am. Co., 299 U.S. 248, 257 (1936).   Under Florida law, "[a] challenge of coverage is exclusively a judicial question . . . . If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties."   State Farm Fire and Cas. Co. v. Licea, 685 So. 2d 1285, 1287–88 (Fla. 1996) (quotation and citation omitted) (emphasis in original).   "[P]utting the issue of coverage first before [appraisal] in every case," however, "might have adverse effects on the expeditious, out of court disposition of litigation, which is the reason [appraisal] is a favored remedy."   Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753, 754–55 (Fla. 3d DCA 2010) (citation omitted).   Thus, while a stay pending appraisal may be appropriate in some cases, trial courts, in their discretion,

ultimately "make the determination as to whether or not to allow the appraisal and coverage processes to move forward on a dual track basis."   Id. at 755.

Here, Infinite Pool fails to show that appraisal will resolve the entirety of this dispute.   Far from the amount of loss being the sole issue disputed, Federated seeks a declaration about its obligations under the insurance policy on two major points that are within the province of this Court—and not the appraisal panel—to decide.   Specifically, Federated frames the dispute as whether the policy "provides coverage for contents or Business Personal Property because Infinite Pool and Trany's did not submit a claim for Business Personal Property generally" or "within 3 years of Hurricane Irma."   (Doc. 1 at 9, ¶ 56.)   Federated also argues that Infinite Pool's insurance claim may be untimely under Fla. Stat. § 627.70132 thus further precluding coverage.   (Id. at ¶ 57.)

The legal authorities Infinite Pool proffers in support of its request are inapplicable to what we have in this case.   For example, Infinite Pool cites cases in which courts either dismissed a matter in favor of a first-filed proceeding or "confirmed" an appraisal award when the insurer failed to dispute the same after it was issued.   (See Doc. 19 at 3–4.)   Here, the appraisal proceeding did not start as part of some other case, in another court, which predated the parties' instant dispute.   Nor is the sole issue before the Court whether the parties disagree over the amount of loss on a covered claim, as explained above.   Without more, the Court finds unpersuasive Infinite Pool's conclusory assertion that appraisal would totally resolve this litigation.

Accordingly, its motion to stay (Doc. 19) is **DENIED**.   Infinite Pool is

**DIRECTED** to respond to the Petition (Doc. 1) **on or before March 25, 2022**.

**ORDERED** at Fort Myers, Florida, on March 11, 2022.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE